## HENRY BAILEY v. STATE OF MISSISSIPPI.

### [46 South., 137.]

CRIMINAL LAW AND PROCEDURE.  *Assault and battery with intent to murder.  Conviction of simple assault and battery.  When vacated.*

> Where a party indicted for an assault and battery with intent to kill and murder, is, under the evidence, either guilty as charged or innocent of crime, a conviction of a simple assault and battery is erroneous and should be set aside.

FROM the circuit court of Calhoun county.

HON. J. T. DUNN, Judge.

Bailey, appellant, was indicted and tried for an assault and battery with intent to kill and murder his wife; he was convicted merely of an assault and battery upon her, sentenced therefor and appealed to the supreme court.

The testimony for the state was to the effect that defendant,

without excuse or justification, intentionally and deliberately shot his wife in the head with a pistol after she had gone to bed at night. The defendant and his witnesses, who were present at the time and place of the alleged shooting, testified that there was no shooting at all on the occasion and that the woman was not hurt and never had a gun shot wound inflicted on her in her life. The court below after instructing the jury touching the form of a verdict finding defendant guilty as charged gave an instruction in these words:—

"The court instructs the jury that if they find the defendant guilty of an assault and battery the form of their verdict will be 'We the jury find defendant guilty of an assault and battery.' "

*Creekmore & Stone,* for appellant.

Appellant, if guilty of anything at all, was guilty of a deliberate effort to kill the prosecutrix, and if guilty should wear a felon's stripes, and no instruction authorizing a verdict of misdemeanors should have been given; it does not seem reasonable under this proof to becloud the question of appellant's guilt or innocence, which is the only question open to doubt; it cannot be said in this case, that it is doubtful as to his intention in shooting, if he shot at all; the prosecutrix swears that he came and presented the pistol with the words, "you damned black bitch, I will kill you," and proceeded to shoot and wound her. *Virgil* v. *State,* 63 Miss., 317.

*George Butler,* assistant attorney general, for appellee.

This is quite a different case from the Virgil case, 63 Miss. 317. There the only question was as to the identity of the accused, and there was no question as to the grade of the offense. The house had been burned, a human being burned to death in it, and certain circumstances pointed to the defendant as the guilty party. The court, in that case, thought that a manslaughter instruction paved the way for a compromise verdict,

but this is not true in the case at bar.   The instruction may be more favorable to the accused than the facts of the case justify, but appellant cannot complain, for if error, it was in his favor. That has been repeatedly held by this court.   *Moore* v. *State*, 86 Miss., 160, 38 South., 504.

Argued orally by *W. E. Stone,* for appellant and by *George Butler,* assistant attorney general, for appellee.

MAYES, J., delivered the opinion of the court.

Under the facts of this case the conviction of a simple assault and battery was a manifest error.   The accused shot his wife in the head with intent to kill and murder, or he did not shoot at all, and under the particular indictment and facts proven there could only be a conviction of the crime charged, or an acquittal.

*Reversed and remanded.*